UNITED STATES DISTRICT COURT
District of Arizona

FILED ✓ / LODGED __ / RECEIVED __ / COPY __

JUL 16 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Hite Media Group, LLC, also d/b/a Premium Grants and PremiumGrants.com;<br><br>Premium Business Solutions, LCC, also d/b/a Premium Services, Premium Grants, and PremiumGrants.com;<br><br>Premium Domain Services, LLC, also d/b/a/ Premium Services, Premium Grants and PremiumGrants.com;<br><br>2 Unique, LLC, also d/b/a Unique Services, Unique Grants, UniqueGrants.com and Grant Support;<br><br>Amazing App, LLC;<br><br>Michael Ford Hilliard; individually and as an owner and manager of Amazing App, and as a *de facto* manager and a beneficial owner of Hite Media Group, Premium Business Solutions, Premium Domain Services, and 2 Unique;<br><br>Michael De Rosa; individually and as a *de facto* manager of Hite Media Group, Premium Business Solutions, Premium Domain Services, and 2 Unique;<br><br>Shawn Stumbo; individually and as an agent, owner, and manager of Premium Domain Services; | Case No. CV-18-2221-PHX-SPL<br><br>**Filed Under Seal**<br><br>**PLAINTIFF FEDERAL TRADE COMMISSION'S *EX PARTE* MOTION TO TEMPORARILY SEAL THE DOCKET AND ENTIRE FILE, AND MEMORANDUM IN SUPPORT THEREOF**<br><br>**SEALED** |

1

| | |
|---|---|
| 1 | Tiffany Hoffman individually and as a member, officer, agent, and owner of 2 Unique; and |
| 2 | |
| 3 | |
| 4 | Jeremy Silvers; individually and as an owner and manager of Premium Business Solutions |
| 5 | |
| 6 | |
| 7 | Defendants. |

Plaintiff Federal Trade Commission ("FTC") respectfully moves *ex parte* for an order to temporarily seal the entire docket and file in this matter, including this Motion, the Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), Motion for Temporary Restraining Order ("TRO Motion"), and all other pleadings, exhibits, and documents filed in support thereof.

Civil Local Rule 5.6(b) states that the Court may order the sealing of any document pursuant to a motion, stipulation, or the Court's own motion. If further states that any motion or stipulation to file a document under seal must set forth a clear statement of the facts and legal authority justifying the filing of the document under seal and must append (as a separate attachment) a proposed order granting the motion. *Id.*

The FTC requests a seal of the entire docket and file in this matter for two business days following the entry of an order to seal the file. The right of public access to documents is not absolute and may be overcome by a compelling reason. *Hagestad v. Tragesser* 49 F.3d 1430, 1434 (9th Cir. 1995). There is compelling reason for a time-

limited seal in order to preserve funds for ultimate relief, and to prevent the Defendants from destroying documents.

This case involves a multi-million dollar grant scam that has injured consumers nationwide, including many senior citizens. The egregious nature of Defendants' scam, the Defendants' history of law violations including a previous action by state law enforcement, and the Defendants' funneling of money between numerous companies and accounts as part of a common enterprise engaged in deceptive practices are set forth in detail in the Points and Authorities and the Certification of Plaintiff's Counsel. This evidence shows a substantial risk of dissipation of assets and destruction of documents without a seal.

The filing needs to be sealed in order for the injured consumers to have a chance at recovering their money, and to preserve evidence. If this case were to be filed and docketed as a matter of public record, there is a substantial risk that the Defendants could learn of the FTC's action before the FTC can serve the TRO on third parties that hold assets of these Defendants, such as financial institutions and payment processors, and there is a substantial risk that the Defendants might conceal or dissipate assets and/or destroy documents, frustrating the Court's ability to award monetary relief for Defendants' unlawful acts and practices.

Additionally, it has been the FTC's experience that when defendants learn of an impending legal action by the FTC, they dissipate, transfer, or conceal assets, and destroy documents before the FTC is able to serve them with the TRO. Certification of Plaintiff's Counsel in Support of Ex Parte Motion for Temporary Restraining Order

Pursuant to Federal Rule of Civil Procedure 65(b). The short-term seal sought herein is the only reasonably available means to preserve the Court's ability to award final monetary relief for Defendants' injurious conduct.

The public's interest in preserving the Court's ability to award monetary relief outweighs its interest in having access to the judicial records of this matter during the short temporary seal period.

WHEREFORE, the FTC respectfully requests that the Court enter the accompanying proposed order to seal the entire file and docket in this matter for two business days. This temporary seal of the file will enable the FTC to serve its pleadings upon Defendants without providing them with advance notice, thereby preserving the possibility of effective final relief.

Dated: July 9, 2018

Respectfully submitted,

s/Russell Deitch

J. Ronald Brooke
Russell Deitch
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-3484 (T. Biesty)
(202) 326-2585 (T. Thomas)
(202) 326-3395 (facsimile)
jbrooke@ftc.gov; rdeitch@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION