IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br><br>    Plaintiff,<br><br>vs.<br><br>Hite Media Group LLC, et al.,<br><br>    Defendants. | No. CV-18-02221-PHX-SPL<br><br>**AMENDED ORDER**[1] |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Commission and Defendants Michael Ford Hilliard, Amazing App, LLC, and Hite Media Group, LLC ("Stipulating Defendants") stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgments as to Michael Ford Hilliard, Amazing App, LLC, and Hite Media Group, LLC ("Order") to resolve all matters in dispute in this action between them (Doc. 58).

**IT IS THEREFORE ORDERED** as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive acts or

---

[1] This Order amends page 9, paragraph D of the January 26, 2019 Order (Doc. 60).

practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in the marketing of Grant Products or Services.

3. Stipulating Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Stipulating Defendants admit the facts necessary to establish jurisdiction.

4. Stipulating Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Stipulating Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A. **"ACH Debit"** means any completed or attempted debit to a Person's account at a financial institution that is processed electronically through the Automated Clearing House Network.

B. **"Acquirer"** means a business organization, financial institution, or an agent of a business organization or financial institution that has authority from an organization that operates or licenses a credit card system (e.g. VISA, MasterCard, American Express, and Discover) to authorize Merchants to accept, transmit, or process payment by credit card through the credit card system for money, goods or services, or anything else of value.

C. **"Asset"** means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property of any Corporate Defendant or Individual Defendant, or held for the benefit of any Corporate Defendant or Individual Defendant, wherever located, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, securities, inventory, checks,

|   |   |   |
|---|---|---|
|   |   | notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), cash, trusts, including, but not limited to, any trust held for the benefit of any of the Defendants, and reserve funds or any other accounts associated with payments processed by, or on behalf of, any of the Defendants, including, but not limited to, reserve funds held by Payment Processors or financial institutions. |
|   | D. | **"Corporate Defendants"** means Hite Media Group, LLC; 2 Unique, LLC; Amazing App, LLC; Premium Business Solutions, LLC; Premium Domain Services, LLC; and each of their subsidiaries, affiliates, successors, and assigns. |
|   | E. | **"Defendants"** means the Corporate Defendants and Individual Defendants, individually, collectively, or in any combination. |
|   | F. | **"Document"** is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term. |
|   | G. | **"Financial Entities"** means banks, savings and loans, Payment Processors, Independent Sales Organizations, PayPal, and any other Person involved with opening or maintaining merchant accounts, or Payment Processing. |

H. **"Grant Product or Service"** means any product or service that is represented, directly or by implication, to assist a Person in any manner in obtaining a grant or similar financial assistance from a government agency or any other source.

I. **"Independent Sales Organization" or "ISO"** means any Person or entity that (a) enters into an ISO agreement or contract with a Payment Processor, Acquirer or financial institution to sell or market Payment Processing services to a Merchant; (b) matches, arranges for, or refers Merchants to a Payment Processor or Acquirer for Payment Processing services, or that matches, arranges for, or refers a Payment Processor or Acquirer to Merchants for Payment Processing services; or (c) is registered as an ISO or merchant service provider with VISA, MasterCard, or any credit card association.

J. **"Individual Defendants"** means, Michael Ford Hilliard, Michael De Rosa, Tiffany Hoffman, Shawn Stumbo, and Jeremy Silvers, individually, collectively, or in any combination.

K. **"Merchant"** means any Person or entity engaged in the sale or marketing of any goods or services or a charitable contribution, including any Person who applies for ISO or Payment Processing services.

L. **"Merchant Account"** means an account used to submit credit card or debit card transactions or process credit card or debit card transactions.

M. **"Payment Processing"** means transmitting sales transaction data on behalf of a Merchant or providing a Person, directly or indirectly, with the means used to charge or debit accounts through the use of any payment method or mechanism, including, but not limited to, credit cards, debit cards, prepaid cards, stored value cards, ACH Debits, and Remotely Created Payment Orders. Whether accomplished through the use of software or otherwise, Payment Processing includes, among other things: (a) reviewing and approving Merchant applications for payment processing services; (b) transmitting sales transaction data or providing the means to transmit sales transaction data from Merchants to

acquiring banks, Payment Processors, ISOs, or other financial institutions; (c) clearing, settling, or distributing proceeds of sales transactions from acquiring banks or financial institutions to Merchants; or (d) processing chargebacks or returned Remotely Created Payment Orders or ACH Transactions.

N. **"Payment Processor"** means any Person providing Payment Processing services in connection with another Person's sale of goods or services, or in connection with any charitable donation.

O. **"Person"** means a natural person, organization, or other legal entity, including a corporation, limited liability company, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

P. **"Receiver"** means Stephen Donell, the receiver appointed by the Court's Stipulated Preliminary Injunction entered on July 31, 2018.

Q. **"Remotely Created Payment Order"** means a payment instruction or order, whether created in electronic or paper format, drawn on a payor's financial account that is initiated or created by the payee, and which is deposited into or cleared through the check clearing system. For purposes of this definition, a financial account includes any account or credit or other arrangement that allows checks, payment instructions, or orders to be drawn against it that are payable by, through, or at a bank.

R. **"Stipulating Defendants"** means Michael Ford Hilliard, Amazing App, LLC, and Hite Media Group, LLC.

S. **"Telemarketing"** means any plan, program, or campaign, which is conducted to induce the purchase of goods or services by use of one or more telephones, whether or not covered by the Telemarketing Sales Rule. This definition includes outbound calls and inbound calls.

**ORDER**

I. **BAN ON ADVERTISING, MARKETING, PROMOTING, OR**

# OFFERING FOR SALE OF GRANT PRODUCTS OR SERVICES

**IT IS ORDERED** that Stipulating Defendants are permanently restrained and enjoined from advertising, marketing, promoting, or offering for sale, or assisting in the advertising, marketing, promoting, or offering for sale of, any Grant Product or Service, whether directly or through an intermediary.

## II. BAN ON TELEMARKETING

**IT IS FURTHER ORDERED** that Stipulating Defendants are permanently restrained and enjoined from participating in Telemarketing, whether directly or through an intermediary.

## III. PROHIBITION AGAINST FALSE OR MISLEADING STATEMENTS TO FINANCIAL ENTITIES

**IT IS FURTHER ORDERED** that Stipulating Defendants and Stipulating Defendants' officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with obtaining Payment Processing services, are permanently restrained and enjoined from making false or misleading statements to Financial Entities, or assisting others in making false or misleading statements, expressly or by implication, including but not limited to the following:

A. Making false or misleading statements to obtain or maintain a Merchant Account or obtain Payment Processing services;

B. Engaging in any practice that would have the effect of circumventing any chargeback monitoring program or other risk management program implemented by a credit card association or company;

C. Making false or misleading statements about (1) the control or affiliation between any Person or entity seeking to procure services and any other Person and entity, or (2) the nature, terms, conditions, and disclosures associated with the advertising, marketing, promoting, offering for sale or sale of any product or

service offered;

D. Failing to disclose to any Financial Entity the following information and documents: (1) the identity of the owner, manager, director, or officer of the applicant for the merchant account; (2) any material connection between the owner, manager, director, or officer of the applicant for or holder of a Merchant Account and any third party who has been placed in a merchant account monitoring program, has a Merchant Account terminated by a Financial Entity, or has been fined or otherwise disciplined in connection with a merchant account; and (3) all advertising, marketing materials and scripts relating to any offered product or service.

## IV. PROHIBITION AGAINST MISREPRENTATIONS AND UNSUBSTANTIATED CLAIMS

**IT IS FURTHER ORDERED** that Stipulating Defendants and Stipulating Defendants' officers, agents, employees, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the marketing, advertising, promotion, distribution, offering for sale, or sale of any goods or services, are hereby permanently restrained and enjoined from:

A. Misrepresenting or representing without substantiation, directly or indirectly, expressly or by implication, any material fact, including:
   1. The total cost to purchase, receive, or use, and the quantity of any good or service that is the subject of the sales offer;
   2. The income, earnings, profits, or sales volume likely to be achieved from any good or service that is the subject of the sales offer;
   3. Any material restrictions, limitations, or conditions to purchase, receive, or use any good or service that is the subject of the sales offer; or
   4. Any material aspect of the performance, efficacy, nature, or central characteristics of any good or service that is the subject of the sales offer; and

B.  Making any representation without competent and reliable evidence to substantiate the representation is true, concerning:

1. Income, earnings, profits, or sales volume likely to be achieved from any good or service that is the subject of the sales offer; or
2. Any material aspect of the performance, efficacy, nature, or central characteristics of any good or service that is the subject of the sales offer.

V.  **MONETARY JUDGMENT AND PARTIAL SUSPENSION**

**IT IS FURTHER ORDERED** that:

A.  Judgment in the amount of **Three Million Dollars ($3,000,000)** is entered in favor of the Commission against Michael Ford Hilliard ("Hilliard"), Amazing App, LLC, and Hite Media Group, LLC, jointly and severally, as equitable monetary relief.  Full payment of the foregoing amount shall be suspended upon satisfaction of the obligations set forth in Subsection B of this Section, and subject to the conditions set forth in Subsections C, D, E, F, and G of this Section:

B.  Effective upon the entry of this Order, Stipulating Defendants shall surrender to the Commission all control, title, dominion, and interest in the following Assets:

1. Fifty Thousand Dollars ($50,000) held in the Court's Rule 67 Registry pursuant to Docket Entry #___;
2. All Assets of Amazing App, LLC and Hite Media Group, LLC, including the following:
    a. All funds in the Wells Fargo account in the name of Amazing App, LLC with the account number X2505;
    b. All funds in the Wells Fargo account in the name of Amazing App, LLC with the account number X6718;
    c. All funds in the Wells Fargo account in the name of Amazing App, LLC with the account number X6734;
    d. All funds in the Wells Fargo account in the name of Amazing App,

|   |   |   |
|---|---|---|
| | | LLC with the account number X8459; |
| | | e. All funds in any reserve account held by any financial institution in the name of, or for the benefit of, Amazing App, LLC or Hite Media Group, LLC; and |
| | | f. All Assets currently in possession or control of the Receiver. |
| | C. | For each bank, brokerage, or Payment Processor account listed in Subsection B, the financial institution or Payment Processor identified shall, within five (5) days of entry of this Order, remit the entire balance of each account to the Commission by certified check(s) or other guaranteed funds payable to the Federal Trade Commission, Financial Management Office, or by wire transfer in accordance with directions provided by the Commission.  Hilliard shall cooperate in good faith with the FTC to effectuate these transfers, and shall, if needed, execute such documents as are necessary to remit the entire balance of each account to the Commission. |
| | D. | The Clerk of the Court is ordered to pay the Commission Fifty Thousand Dollars ($50,000) plus accrued interest from the funds deposited by Hilliard into this Court's Rule 67 Registry, pursuant to Docket Entry #46. Payment shall be made by electronic fund transfer in accordance with instructions provided by a representative of the Commission.  Upon completion of this payment the asset freeze over Hilliard is dissolved. |
| | E. | The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Hilliard and Amazing App, LLC's sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely: |
| | | 1. the Financial Statement of Michael Ford Hilliard signed on August 27, 2018, including the attachments; and |
| | | 2. the Financial Statement of Amazing App, LLC signed by Michael Ford |

9

|   |   |   |
|---|---|---|
|   |   | Hilliard, Amazing App, LLC's manager and owner on July 27, 2018. |
|   | F. | The suspension of the judgment will be lifted as to any Stipulating Defendant if, upon motion by the Commission, the Court finds that the Stipulating Defendant failed to disclose any material Asset, materially misstated the value of any Asset, or made any other material misstatement or omission in the financial representations identified above. |
|   | G. | If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Stipulating Defendant in the amount of **Three Million Dollars ($3,000,000)** as specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order. |

**VI.    ADDITIONAL MONETARY PROVISIONS**

   **IT IS FURTHER ORDERED** that:

A. Stipulating Defendants relinquish dominion and all legal and equitable right, title, and interest in all Assets transferred pursuant to this Order and may not seek the return of any Assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D. Stipulating Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants previously submitted to the Commission, may be used for collecting

and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Stipulating Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VII.  CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order are permanently restrained and enjoined from directly or indirectly:

A. Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Stipulating Defendants must provide it, in the form prescribed by the Commission, within 14 days;

B. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the sale of

Grant Products or Services; and

C. Failing to destroy such customer information in all forms in their possession, custody, or control within either entry of a stipulated final order against the last remaining Defendant or receipt of written direction to do so form a representative of the Commission.

*Provided, however,* that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VIII. APPOINTMENT OF RECEIVER TO WIND DOWN AMAZING APP, LLC AND HITE MEDIA GROUP, LLC AND STORE DOCUMENTS

**IT IS FURTHER ORDERED** that Stephen Donell is hereby appointed Receiver for the purpose of taking the necessary steps to wind down Amazing App, LLC and Hite Media Group, LLC. In carrying out these duties, the Receiver shall be the agent of this court, shall be account able directly to this court, and is authorized and directed to:

A. Perform all acts necessary to protect, conserve, preserve, and prevent waste or dissipation of Amazing App, LLC and Hite Media Group, LLC's Assets until their sale;

B. Sell Amazing App, LLC and Hite Media Group, LLC's Assets without further order of the court;

C. Enter into agreements in connection with the reasonable and necessary performance of the Receiver's duty to sell Amazing App, LLC and Hite Media Group, LLC's Assets, including, but not limited to, the retention of assistants, agents, or other professionals to assist in the sale of these Assets;

D. Distribute to the FTC, without further order of the court, the funds received from the sale of Amazing App, LLC and Hite Media Group, LLC's Assets;

E. Take any and all steps the Receiver concludes are appropriate to wind down Amazing App, LLC and Hite Media Group, LLC; and

F. Store and secure Amazing App, LLC and Hite Media Group, LLC's records,

including ESI until either entry of a final order against the last remaining Defendant in this proceeding or receipt of written direction to do so from a representative of the FTC.

Within 30 days of receipt of written direction to do so from a representative of the FTC, which shall occur no earlier than following the entry of a final order against the last remaining Defendant in this case, the Receiver shall liquidate all hardware related to Amazing App, LLC and Hite Media Group, LLC's ESI, after insuring all customer information has been deleted.

### IX. COOPERATION

**IT IS FURTHER ORDERED** that Stipulating Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Hilliard, Amazing App, LLC, and Hite Media Group, LLC must provide truthful and complete information, evidence, and testimony. Hilliard, Amazing App, LLC, and Hite Media Group, LLC must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

### X. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Stipulating Defendants obtain acknowledgments of receipt of this Order:

A. Each Stipulating Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For five (5) years after entry of this Order, for any business that Hilliard, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and Defendants Amazing App, LLC and Hite Media Group, LLC, must deliver a copy of this Order to: (1) all principals,

officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for sales and all agents and representatives who participate in sales; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Stipulating Defendant delivered a copy of this Order, that Stipulating Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XI.  COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Stipulating Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Stipulating Defendant must submit a compliance report, sworn under penalty of perjury:

1. Each Stipulating Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with the Stipulating Defendant; (b) identify all of that Stipulating Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Stipulating Defendant must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Stipulating Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, Hilliard must: (a) identify all telephone numbers and all

        physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest; and (c) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For ten (10) years after entry of this Order, each Stipulating Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

    1. Each Stipulating Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that the Stipulating Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

    2. Additionally, Hilliard must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Stipulating Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Hilliard.

## XII. RECORDKEEPING

**IT IS FURTHER ORDERED** that Stipulating Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, Hilliard, for any business that he, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. Accounting records showing the revenues from all goods or services sold;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. A copy of each unique advertisement or other marketing material.

## XIII. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Stipulating Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended:

A.  Within 14 days of receipt of a written request from a representative of the Commission, each Stipulating Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.  For matters concerning this Order, the Commission is authorized to communicate directly with each Stipulating Defendant.  Hilliard must permit representatives of the Commission to interview any employee or other person affiliated with any Stipulating Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.  The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Stipulating Defendants or any individual or entity affiliated with Stipulating Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.  Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Hilliard, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

**XIV.  RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

Dated this 8th day of March, 2019.

_____
Honorable Steven P. Logan
United States District Judge